UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X

KHUBLAL RAMRATAN, RAJKUMAR SINGH,
SURUJAUL SINGH, ANITA SUKHOO,
CHANDRAINE BOODHAN, and VANCE CAINES,

              Plaintiffs,

-against-                     **MEMORANDUM & ORDER**
                                                 **06-CV-04770 (NGG)(RML)**

NEW YORK CITY BOARD OF ELECTIONS and
TERRENCE C. O'CONNOR, ANTHONY COMO,
JEANETTE GADSON, NERO GRAHAM, JR.,
JAMES J. SAMPEL, NANCY MOTTOLA-SCHACHER,
GREGORY C. SOUMAS, FREDERIC M. UMANE,
and MARYANN YENNELLA, *Commissioners
of New York City Board of Elections*,

              Defendants.
---------------------------------------------------------X

GARAUFIS, United States District Judge:

      Before the court are Plaintiffs' motions (1) to amend their Complaint and (2) for a preliminary injunction against the New York City Board of Elections (the "Board of Elections") and its commissioners. The court grants the first motion and denies the second motion.

**I.**      **Plaintiffs' Motion for Leave to Amend Their Complaint**

      The Federal Rules of Civil Procedure provide that "[a] party may amend the party's pleadings once as a matter of course at any time before a responsive pleading is served[.]" Fed. R. Civ. P. 15(a). Because Defendants have not yet filed a responsive pleading to the original

1

Complaint, which Plaintiffs have not yet amended, the court grants Plaintiffs' motion to file an amended Complaint.

## II.     Plaintiffs' Motion for a Preliminary Injunction

Plaintiffs' motion for a preliminary injunction is functionally equivalent to their earlier motion for a preliminary injunction. This court denied that motion in an Order dated September 7, 2006. I will therefore treat the instant motion as a motion for reconsideration.

A motion for reconsideration may be granted only if the court overlooked (1) factual matters that were put before it on the underlying motion or (2) controlling legal authority. See Fed. R. Civ. P. 59(e); Local Rule 6.3; Range Road Music, Inc. v. Music Sales Corp., 90 F. Supp. 2d 390, 392 (S.D.N.Y. 2000). A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate a decision already decided." Shrader v. CSX Transportation, Inc., 70 F.3d 255, 257 (2d Cir. 1995). Rather, such a motion may be granted only in "extraordinary circumstances," Pichardo v. Ashcroft, 374 F.3d 46, 54 (2d Cir. 2004), such as to "correct a clear error or prevent manifest injustice." Doe v. New York City Dep't of Soc. Servs., 709 F.2d 782, 789 (2d Cir. 1983) (quotations and citations omitted). Motions for reconsideration "must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." Range Road Music, 90 F. Supp. 2d at 391-92; see also In re Houbigant, Inc., 914 F.Supp. 997, 1001 (S.D.N.Y.1996).

Plaintiffs' motion seeks to relitigate a decision already decided, and does not rely on any relevant facts or law that Plaintiffs did not or could not cite when they first moved for a preliminary injunction. In an apparent effort to introduce new facts, Plaintiffs assert that,

contrary to an Affidavit filed by Defendants' counsel, "[a]bsentee and paper[] ballots printed for the September 12, 2006 Democratic Primary Election for use in the 31st Assembly District were printed weeks ago and are currently being used in the said election with the name of candidate Michael Duvalle printed upon them." (Pl. Affirmation ¶ 8.)  Plaintiffs further assert that "several hundred real and actual votes have already been cast prior to and during the instant case by paper ballot.  Many have been cast for Michael Duvalle[.]" (Id. ¶ 9.)  Assuming for the purpose of deciding this motion that the quoted assertions are correct, Plaintiffs fail to explain why these assertions are relevant and, if they are relevant, why they could not have been raised when Plaintiffs first moved for a preliminary injunction.  In any case, Plaintiffs concede that these assertions were not put before the court when Plaintiffs filed their earlier motion.  Id.  For that reason, these assertions do not justify reconsideration.  Range Road Music, 90 F. Supp. 2d at 392.

Plaintiffs also assert that the New York State Supreme Court, Queens County (the "State Supreme Court") "unconstitutionally dismissed on procedure, without a fair hearing, as moot the Article 16 (New York State Election Law) Petition to Validate the Designating Petition of Michael Duvalle and Vienna Totaram[.]" (Id. ¶ 10.)  That Petition, which asked the State Supreme Court to validate the designating petitions of Duvalle and Totaram, was merely the mirror-image of a Petition asking that court to *in*validate those petitions.  See Duvalle v. Butler, No. 16301/06, *slip op.* (N.Y. Sup. Ct. Aug. 10, 2006); Butler v. Duvalle, No. 15994/06, *slip op.* (N.Y. Sup. Ct. Aug. 10, 2006).  The State Supreme Court, in a carefully reasoned opinion issued after extensive fact-finding, granted the Petition to invalidate.  Butler, No. 15994/06.  As a matter of logic, it could not have also granted the motion to validate.  Plaintiffs' argument is therefore

3

identical to Plaintiffs' earlier argument – which this court rejected – that the State Supreme Court violated Plaintiffs' due process and equal protection rights when it invalidated Duvalle's and Totaram's designating petitions.  (Order dated September 7, 2006 at 4-11.)

### III.     Conclusion

Because Plaintiffs have not previously amended their Complaint and Defendants have not filed a responsive pleading to the Complaint, the court grants Plaintiffs' motion for leave to file an amended Complaint.  Because Plaintiffs have not demonstrated that the court, in issuing its Order dated September 7, 2006, overlooked any factual matters that were put before it or any controlling legal authority, the court denies Plaintiffs' renewed motion for a preliminary injunction.

SO ORDERED.

Dated: September 8, 2006             /s/ Nicholas G. Garaufis
     Brooklyn, N.Y.              NICHOLAS G. GARAUFIS
                                                    United States District Judge