UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
KHUBLAL RAMRATAN, RAJKUMAR SINGH,
SURUJAUL SINGH, ANITA SUKHOO,
CHANDRAINE BOODHAN, and VANCE CAINES,

                          Plaintiffs,

                    -against-

NEW YORK CITY BOARD OF ELECTIONS and
TERRENCE C. O'CONNOR, ANTHONY COMO,
JEANETTE GADSON, NERO GRAHAM, JR.,
JAMES J. SAPEL, NANCY MOTTOLA-SCHACHER,
GREGORY C. SOUMAS, FREDERIC M. UMANE,
and MARYANN YENNELLA, *Commissioners of
New York City Board of Elections,*

                      Defendants.
------------------------------------------------------------------------x

**MEMORANDUM & ORDER**
06 - CV- 4770 (NGG)(RML)

**DORA L. IRIZARRY, U.S. District Judge:**

In a Memorandum and Order, dated September 7, 2006, the Honorable Nicholas G. Garaufis denied plaintiffs' motion for preliminary injunction because plaintiffs failed to show that their claims of due process and equal protection violations were likely to succeed. The following day, September 8, 2006, Judge Garaufis denied plaintiffs' renewed motion for a preliminary injunction having deemed it a motion for reconsideration of his September 7th decision. Pursuant to Fed. R. Civ. P. 59(e) and Local Rule 6.3, plaintiffs now move for reconsideration of that decision. For the reasons set forth below, plaintiffs' motion is denied in its entirety.[1]

**Discussion**

The standard for granting a motion for reconsideration is a strict one, and motions should not

---

[1] Judge Garaufis is unavailable. Due to the time-sensitive nature of this application it has been assigned to the undersigned for a determination thereof.

be granted where the moving party seeks solely to relitigate an issue already decided. *See Shrader v. CSX Transportation, Inc.,* 70 F.3d 255, 257 (2d Cir. 1995); *see also In re Houbigant, Inc.,* 914 F. Supp. 997, 1001 (S.D.N.Y. 1996) (finding that a Rule 6.3 motion is "not a motion to reargue those issues already considered when a party does not like the way the original motion was resolved."). Likewise, a motion for reconsideration will generally be denied unless the moving party can point to either controlling decisions or factual matters that the court overlooked, and which, had they been considered, might have reasonably altered the result before the court. *See* Fed. R. Civ. P. 59(e); Local Rule 6.3; *Range Road Music, Inc. v. Music Sales Corp.,* 90 F. Supp. 2d 390, 392 (S.D.N.Y. 2000).

Applying these standards to the instant motion, it is clear that plaintiffs have failed to establish a ground for reconsideration because absent from their motion are citations to controlling law or factual matters that the Court overlooked which might have reasonably altered the outcome of the September 7th or 8th Orders. *See JP Morgan Chase Bank,* 322 F. Supp. 2d 353, 354 (S.D.N.Y. 2004). Rather, plaintiffs' motion is merely a reiteration of the facts stated in their renewed motion for a preliminary injunction dated September 8, 2006. Accordingly, plaintiffs' motion for reconsideration of Judge Garaufis's September 8th Order is denied.

SO ORDERED.

DATED:    Brooklyn, New York
          September 11, 2006

_____/s/_____
DORA L. IRIZARRY
United States District Judge